335 So.2d 435 (1976)
STATE of Louisiana
v.
Archie LAUNEY.
No. 57436.
Supreme Court of Louisiana.
June 21, 1976.
*436 John Saunders, Mamou, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. William Pucheu, Dist. Atty., A. Bruce Rozas, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Archie Launey was charged by bill of information with committing a theft of an Evinrude outboard motor belonging to Larry J. Broussard and having a value over $100. La.R.S. 14:67. Having waived trial by jury, he was found guilty in a bench trial and sentenced to serve six months in the parish jail; five months of the sentence were supended; and he was placed on probation for one year. He appealed and relies on four assignments of error for reversal of his conviction and sentence.
Larry Broussard testified that in September 1970 he purchased an Evinrude outboard motor from Mamou Hardware, in the town of Mamou, Louisiana. At the time of purchase he was given a sales receipt imprinted with Mamou Hardware's address and phone number, which showed the amount paid. The sales receipt also contained the motor serial number and was marked "Paid in Full". Broussard later received in the mail an owner's registration card from the Evinrude factory containing the identical motor serial number.
The motor was stored at Broussard's residence in a room beneath the garage. Frequently the motor was loaned to friends, including Archie Launey who borrowed the motor several times. On August 1, 1973 Launey appeared at Broussard's place of employment and asked to borrow the motor. Broussard consented and told Launey to go for the motor. Launey returned shortly and told Broussard that the motor was not in the storeroom, where Broussard's wife testified it had been a day or two earlier.
Later Broussard received information that one Joe Johnson had a motor fitting the description of the missing outboard. Although the conspicuous serial number at the foot of the motor had been obliterated, Broussard had learned, by a letter from the Evinrude factory in Wisconsin, that another serial number could be found on that model in an inconspicuous location on a freeze plug, pressed into the powerhead of the motor. Guided by this information, Johnson determined that the motor bore the same serial number as Broussard's.
The first three assignments of error relate to the introduction into evidence of the Mamou Hardware sales slip, the Evinrude ownership registration card and the letter from Evinrude in Wisconsin advising of the alternate location of the motor serial number. The defense contends upon timely objection that it was error to introduce these documents into evidence because the writers were not present in court to verify their correctness under oath or to be subjected to cross-examination. For these reasons, it is asserted, the documents contained inadmissible hearsay evidence.
The rule that hearsay evidence is inadmissible is recognized by statute in this State. La.R.S. 15:434. It is evidence of an unsworn, out-of-court statement, written or oral, made by a person other than the testifying witness and offered for the purpose of establishing the truth of its content. State v. Junegain, 324 So.2d 438 (La.1975). Thus the three documents in question would be properly classified as hearsay unless they fall within one of the exceptions to the rule. Decisions of this Court have accepted traditional exceptions to the rule. State v. Smith, 285 So.2d 240 (La. 1973).
Under the above definition of hearsay a statement or writing is not hearsay if it is introduced solely for the purpose of proving the fact of its utterance and not the truth of the statement. State v. Monk, 315 So.2d 727 (La.1975). For this rule to apply, however, ". . . the mere fact that the statement was made (by the person not under oath) must itself be a relevant and *437 important fact. But, if the fact that the statement was made . . . would be of no importance except for the truth of the statement. . . ." it is not admissible under the hearsay rule. State v. Green, 282 So.2d 461 (La.1973), cert denied, 415 U.S. 985, 94 S.Ct. 1580, 39 L.Ed.2d 882 (1974).
A careful consideration of this evidence permits the conclusion, advanced by the State, that the sales receipt and the owner's registration card were part of the sales transaction whereby Broussard testified he acquired the outboard motor. These were relevant facts of which he had knowledge and about which he could be cross-examined. These documents were as much a part of his acquisition of the motor as the delivery of the motor itself; they were, in fact, evidence of delivery and manifested his ownership. They are original and material evidence, not hearsay, introduced to establish his ownership not alone to prove the serial numbers to which the hearsay objection is directed. The fact that a sales receipt and owner's registration card were issued to Broussard is itself important. Since these documents are properly admitted for this limited purpose, the fact that they otherwise contain hearsay evidence does not render them objectionable.
Aside from this, these documents were business records of Mamou Hardware and Evinrude. As such they fall within a well-recognized exception.
"A permanent record made in the ordinary course of business, by a person unavailable for testimony, from personal knowledge of the facts recorded or from information furnished by one having a business duty to observe and report the facts, is admissible as proof of the facts recorded, in the absence of a strong motive to misrepresent if the record is the first collected and recorded memorial." Comment, Business Records in Louisiana as an Exception to the Hearsay Rule 21 La.L.Rev. 449, 451 (1961), quoted in a footnote to State v. Hodgeson, 305 So.2d 421 (La.1974).
Business records are admissible in evidence if relevant and material without the necessity of identifying, locating or producing as witnesses the individuals who made the entries in the regular course of business. While some question may surround the failure to establish the unavailability of the Mamou Hardware representative who wrote the sales receipt, no such doubt exists with respect to the person who prepared the owner's registration card for Evinrude in Wisconsin. Considering the distance and expense involved in requiring that person to appear at the trial, it can be considered that he was, for all practical purposes, unavailable. Because the Mamou Hardware sales receipt contained the same information it was merely cumulative and the failure to establish the unavailability of the writer was harmless.
The letter from Evinrude in Wisconsin to Broussard pointing out where the inconspicuous serial number could be found does not offend the hearsay rule. The letter was received by Broussard and was introduced to show its effect upon him, giving directions where the serial number could be found. The letter does not in any manner purport to establish the ownership of the motor in Broussard; it is a generalized statement giving directions for finding a serial number without any reference to the serial numbers of any particular motor.
When writings or utterances are offered to show the effect on the reader, they are generally classified as admissible non-hearsay. See State v. Singleton, 321 So.2d 509 (La.1975).
In a bench trial the judge is especially qualified to confine consideration of such evidence to the limited purpose for which it may properly be admitted.
In his assignment of error number four defendant argues that it was error for the *438 trial court to admit the outboard motor into evidence because the documents already referred to, being inadmissible, did not properly establish the ownership in Broussard and because there were discrepancies in the serial numbers. Since we have held that the documents were admissible for the limited purpose for which they were offered and since the trial judge found the discrepancies in the numbers to be unimportant, this assignment of error is without merit.
A reading of this record conveys the impression, undoubtedly shared by the trial judge, that Broussard's ownership of the motor was not seriously contested, the defense being that Launey was not the thief, having bought the motor from one Roy Fontenot. Fontenot never testified, no receipt for the purchase was presented and the circumstances surrounding the alleged purchase were such as to confirm the trial judge's rejection of the defense.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs.