341 So.2d 348 (1976)
STATE of Louisiana
v.
Robert Morton ROCHE.
No. 58192.
Supreme Court of Louisiana.
December 13, 1976.
Rehearing Denied January 21, 1977.
*351 F. Irvin Dymond, Law Offices of Dymond & Crull, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., Julian J. Rodrigue, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Defendant, Robert Morton Roche, charged with inciting Rex Armistead to murder Gardener S. Adams, Jr., a violation of LSA-R.S. 14:28, was found guilty and sentenced to pay a fine and serve two years in the custody of the Louisiana Department of Corrections. On appeal to this Court, defendant relies upon eleven assignments of error for reversal of his conviction and sentence.
Defendant and the intended homicide victim were officials of the same bank. The State, in the trial court, sought to prove that defendant had suffered severe economic reverses and was in danger of losing his position as a senior vice-president of the bank. Further, the State sought to prove that defendant viewed the intended victim as a threat to his position at the bank. Thus, the State's theory of the case is that defendant planned to have Mr. Adams, Jr. killed in order to prevent, or, at the very least retard, his financial downfall.

ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial court erred in denying that portion of defendant's "Motion to Produce Exculpatory Evidence and All Evidence Affecting Credibility of the State's Witnesses" which sought evidence affecting the credibility of the State's witnesses.
The defense concedes that the trial judge's order of disclosure satisfies the requirements of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), in that the State was ordered to furnish to defendant any exculpatory evidence in its possession. However, the defense argues that it was entitled to the production of all police reports by the investigating officer made during the course of the investigation. These reports, the defense suggests, may have reflected upon the credibility of the investigating officer. The defense relies upon Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). In that case, the testimony at the trial was to the effect that the government had not promised leniency to the main prosecuting witness. After conviction, the defense discovered that an Assistant United States Attorney had promised the witness that if he testified, he would not be prosecuted. The United States Supreme Court reversed the conviction and ordered a new trial. In view of the false testimony at the trial, the court found that the failure to disclose the promise of leniency was a denial of due process.
That case is factually and legally distinguishable. The Due Process Clause does not require that the State furnish the defendant a copy of all police reports concerning the crime. State v. Nero, La., 319 So.2d 303 (1975); State v. Lane, La., 302 So.2d 880 (1974); State v. Mattio, 212 La. 284, 31 So.2d 801 (1947).
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant alleges that the trial court erred in permitting the State to provide transcripts to the jury of taped conversations. Further, he argues that allowing the introduction of the transcripts when only one of the stenographers testified to her transcription and that it was a verbatim transcript only to the best of her understanding was error. She stated that she could not transcribe some "words" because she was unable to understand them. She *352 testified that she had checked the entire transcript against the contents of the tapes.
We held in State v. Snedecor, La., 294 So.2d 207 (1974), that introducing transcripts, for the jury's convenience, with the tape recordings does not violate the best evidence rule.
The defendant argues, however, that even if the best evidence rule was not violated, the stenographer's designation in the transcript of the names of the parties was prejudicial error. This argument is likewise without merit. The tape recordings, themselves, were introduced in evidence. As the sound recordings were played in the courtroom, witnesses identified the voices.
Assignment of Error No. 2 is without merit.

ASSIGNMENTS OF ERROR NOS. 3 AND 4
Here defendant alleges that the trial court erred in allowing Rex Armistead, the undercover police officer who posed as the hired killer, and State Trooper Mickey Bryant to testify that they believed defendant was serious in his attempt to have Mr. Adams murdered.
Trooper Bryant testified:
"Q. What did you say the purpose of that meeting that afternoon was?
"A. The purpose, as far as our office was concerned, was to establish through this meeting if indeed there was a conspiracy on behalf of Mr. Roche to have someone killed, and the purpose of this meeting through this conversation we hoped to learn from Mr. Roche's statements if he indeed was serious in carrying out this threat that we had learned from Deputy Adams.
"Q. What decisions did you make after you listened to that conversation, sir?
"A. That there was indeed a threat.

* * * * * *
"Q. What decision did you reach after you listened to that taped conversation, Lieutenant Bryant?
"A. It left no doubt in my mind that there was indeed a purpose by Mr. Roche to have someone killed."
Mr. Armistead testified:
"Q. What was your agreement with Mr. Roche, sir?
"A. To take the life of Gardner Adams, Jr.
"Q. In return for what; which you were to receive, what, sir?
"A. Ten thousand dollars.
"Q. Was there any question in your mind that this man meant what he said, sir?
"A. None whatsoever."
Defendant alleges that this testimony includes the witnesses' opinions and is prohibited by LSA-R.S. 15:463, which provides:
"Except as otherwise provided in this Code, the witness can testify only as to facts within his knowledge, and neither as to any recital of facts heard by him, nor as to any impression or opinion that he may have."
We disagree. While it is well settled that a lay witness may not give opinion testimony, it is equally well settled that on subjects which any person of experience may make a natural inference from facts observed, a lay witness may testify as to such inference, provided he also states the facts observed. State v. Maines, 183 La. 499, 164 So. 321 (1935); State v. Willis, 181 La. 154, 158 So. 826 (1935). In our opinion, the present testimony is such a natural inference. See State v. Davalie, La., 313 So.2d 587, State v. Kirklin, La., 283 So.2d 713 (1973).
Both Bryant and Armistead testified fully regarding the meeting with defendant; they were subject to cross examination by defense counsel; the jury was provided with a tape recording of the incident to which Bryant testified; also, defendant asserted duress as a defense to the charge, thereby placing his emotional condition during the crime at issue. We find the testimony admissible for the following reasons: (1) the witnesses did state the facts upon which their inferences were based; (2) *353 the inferences were not of a scientific type requiring expert testimony; and (3) the defendant, who is not an expert, placed his mental condition at issue by pleading duress and testifying that he "did not mean what he said" on the tapes. State v. Rogers, La., 324 So.2d 403 (1975); State v. Neal, La., 321 So.2d 497 (1975). Defendant's objection, in fact, goes to the weight to be given the evidence and not to its admissibility. State v. Dotson, 260 La. 471, 256 So.2d 594 (1971).
Assignments of Error Nos. 3 and 4 are without merit.

ASSIGNMENT OF ERROR NO. 5
The trial court ordered the State to furnish defense counsel a transcript of all tape recorded conversations before trial. Here, defense counsel argues that the trial court erred in allowing the State to elicit testimony during trial regarding a conversation which had been recorded but the tape of which had been destroyed. He argues that this testimony violated the above court order.
Officer Armistead's testimony at trial reveals that he kept the recording in question for some three weeks after it was made. He then destroyed it when he was informed that it was inadmissible because it was an interstate telephone conversation.
Defendant's argument is without merit. He admits that the statements were part of the res gestae of the crime; therefore, the notice provided for in LSA-C.Cr.P. Art. 768 was unnecessary. Since the tape was not in existence at the time the court order was issued, failure to provide a transcript of the conversation could not, as defendant alleges, be a violation of the court order.
Assignment of Error No. 5 is without merit.

ASSIGNMENT OF ERROR NO. 6
Defendant contends that the trial court erred by overruling his motion for a mistrial, which charged that Armistead, the undercover officer, referred to another crime in his testimony.
The pertinent testimony is as follows:
"Q. What did you tell Mr. Roche, sir, if anything?
"A. I advised Mr. Roche that I had taken care of one of his problems; that the man was down; that I would collect my money later."
Defendant argues that this testimony by the "hit man" that he had taken care of one of his problems and "The man was down," referred to a scheme to kill someone other than Mr. Adams, Jr.
The argument is without merit; the record clearly indicates that the remark referred to Mr. Adams, Jr.:
"Q. When you said the party was down, sir, what do you mean by that?
"A. I meant that

* * * * * *
"Q. What does down mean in underworld jargon?
"A. That means I carried out the contract on the life of Gardner Adams, Jr."
We agree with the trial court that the reference was not to another crime.
Assignment of Error No. 6 is without merit.

ASSIGNMENT OF ERROR NO. 7
Defendant alleges that the trial court erred in allowing a State's witness to testify about and introduce into evidence records of the Circus Circus Hotel & Casino of Las Vegas, Nevada, relating to Roche's gambling debts during a time when the casino was under a different management.
Defendant alleges that the records were not properly qualified as business records and, therefore, were inadmissible under LSA-R.S. 15:460, which provides:
"Any document, other than an authentic act, may be proved by any one who saw it written, or by a comparison of hands, or by any one who, from his knowledge of the handwriting of the person alleged to have written the document can testify that the document produced is in the handwriting of said person." *354 In State v. Launey, La., 335 So.2d 435 (1976), we held:
"Business records are admissible in evidence if relevant and material without the necessity of identifying, locating or producing as witnesses the individuals who made the entries in the regular course of business."
Pursuant to a subpoena duces tecum, the comptroller of the Circus Circus brought with him records showing defendant's indebtedness at the casino. The comptroller testified that the records were kept in the normal course of business; that defendant's indebtedness had occurred prior to the present management taking over the hotel and casino; that he had not personally made the entries; that anyone in his position at the Circus Circus would be familiar with and have access to the records.
We hold that the documents were regular entries made in the usual course of business and were, therefore, properly admitted into evidence as an exception to the hearsay rule. State v. Launey, supra; State v. Graves, 259 La. 526, 250 So.2d 727 (1971).
Assignment of Error No. 7 is without merit.

ASSIGNMENT OF ERROR NO. 8
Defendant alleges that the trial court erred in allowing the district attorney to testify regarding a number of lawsuits pending against defendant and the corporations in which he was a stockholder. The State introduced certified copies of the petitions in the various suits. Defendant contends that the evidence introduced is hearsay and irrelevant.
The trial court correctly ruled that the evidence was non-hearsay and relevant. The State introduced the court records in order to show that defendant was in potential economic difficulty, thus helping to establish defendant's motive for the homicide. The records and testimony were, therefore, relevant. The court records were non-hearsay as they were introduced, not to prove the truth of their content, but only to establish the existence and nature of the judicial proceedings against defendant. State v. Monk, La., 315 So.2d 727 (1975); State v. Hodgeson, La., 305 So.2d 421 (1974); State v. Leming, 217 La. 257, 46 So.2d 262 (1950); State v. Wall, 167 La. 413, 119 So. 410 (1929).
Defense counsel pointed out on several occasions that the allegations contained in the petitions could not be considered as fact, as there were no judgments in the cases.
Assignment of Error No. 8 is without merit.

ASSIGNMENT OF ERROR NO. 9
Defendant alleges that the trial court erred when it permitted the father of the intended victim to testify regarding the defendant's bad character.
The witness was not only the intended victim's father, but, as Chief Executive Officer of the bank, also defendant's employer. The witness testified that defendant was intoxicated on a number of occasions and missed work. He testified that he had been compelled to "call Mr. Roche on the carpet" about this and other matters numerous times. Mr. Adams, Jr., the intended victim, had brought to his father's attention several examples of Mr. Roche's bad business decisions, especially in approving loans. It was partially if not wholly due to Mr. Adams, Jr. that Mr. Roche's power to approve loans was severely curtailed. Through the testimony of Mr. Adams, Sr., the State sought to establish motive: that by having Mr. Adams, Jr. killed, Mr. Roche could better protect his position at the bank and avert financial ruin. The evidence was, therefore, relevant and admissible; it is not evidence of general bad character prohibited by LSA-R.S. 15:481.
Assignment of Error No. 9 is without merit.

ASSIGNMENT OF ERROR NO. 10
Defendant alleges that the trial court erred by sustaining the State's objection to defense attorney's asking defendant: "Had anyone told you about anything about *355 the number of people that he [Rex Armistead, undercover agent pretending to be a hit-man] had killed?"
The defendant asserts that his main defense was duress. He argues that the statements were admissible to establish the reasonableness of defendant's fear of Armistead, the "hit man."
We can assume that the statements to the defendant were to be used non-assertively as a basis for an inference as to defendant's state of mind. If so, the evidence would be non-hearsay and admissible. Pugh, Louisiana Evidence Law (1974) pp. 415-416.
On the record in the present case, however, the rejection of the question must be regarded as harmless error. The record discloses that the defendant accepted the undercover officer as an experienced "hit man." His activity as such was sufficient to show that he was a killer and that defendant had knowledge of it. In the light of the entire record, the ruling deprived the defendant of no substantial rights. LSA.C.Cr.P. Art. 921.
Assignment of Error No. 10 is without merit.

ASSIGNMENT OF ERROR NO. 11
Defendant alleges that the trial court erred in its charge to the jury by failing to instruct the jury that an attempt to incite a felony is a responsive verdict to a charge of inciting a felony.
Since defendant failed to object timely, his assignment of error is not properly before us. Defendant did object to the trial judge's refusal to give certain special charges, but those charges did not include an "attempt" instruction.
In State v. Craddock, La., 307 So.2d 342 (1975), defendant assigned as error the trial court's failure to charge the jury regarding several additional responsive verdicts and to include those responsive verdicts on the list submitted to the jury. The Court held that, absent an objection, a defendant cannot complain of the judge's charge to the jury, even though the charge may appear in the record. We further held that the alleged error as to the insufficiency of the list of responsive verdicts given to the jury was not reviewable since no objection had been made in the trial court in time for the trial judge to correct the error. See also State v. Mitchell, La., 319 So.2d 357 (1975).
Assignment of Error No. 11 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON and DENNIS, JJ., concur.