430 So.2d 64 (1983)
STATE of Louisiana
v.
Peter A. TERRACINA.
No. 81-KA-3330.
Supreme Court of Louisiana.
April 4, 1983.
Rehearing Denied May 13, 1983.
*65 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Rene I. Salomon, Asst. Attys. Gen., R. Cody Mayo, Jr., Robert W. Gillespie, Jr., Asst. Dist. Attys., for plaintiff-appellee.
Thomas K. Brocato, Helen G. Roberts, Gravel, Robertson & Brady, Alexandria, for defendant-appellant.
*66 LOBRANO, Justice Ad Hoc[*].
Defendant Peter A. Terracina was charged by bill of information filed April 29, 1980 with one count of simple arson and one count of conspiracy to commit simple arson, violations of La.R.S. 14:52 and 14:26, respectively. Defendant was formally arraigned on April 29, 1980 and pleaded not guilty. On February 13, 1981, the state severed the offenses and defendant pleaded not guilty to simple arson. After trial by a jury of twelve, beginning on June 15, 1981, defendant was found guilty of the charge of simple arson. On October 30, 1981, defendant was sentenced to serve seven and one half years at hard labor. Defendant appeals his conviction and sentence urging twelve of the fifteen assignments of error filed below.

FACTS:
On February 25, 1980, at approximately 11:00 p.m., Quality Grocery Store, located in Shreveport, Louisiana, was destroyed by fire. Investigators from the Shreveport Fire Department discovered a gasoline can on the roof of the store and a baseball cap with the name Robert Charles written on the band. An investigator testified that the store was a total loss. Captain Harry Strealy of the Shreveport Fire Department testified that they received word that someone had checked into the Burn Center of the LSU Medical Center with serious facial burns.
Further investigation revealed that Robert Charles Williams and Gary McCray had both checked into the hospital with serious burns. When first questioned, Williams informed the officials that an oven had exploded in his face. Williams was arrested the next day and charged with arson and conspiracy to commit arson. McCray informed the police officers that he and Williams were burned during an explosion at the Quality Grocery Store. He also implicated defendant as being involved in the arson and soliciting them to burn the store.
With this information, officers approached Mattie McGill, common law wife of Gary McCray and asked her to help in their investigation. McGill consented to the plan and was wired with an electronic listening device. Police officers waited a short distance from the defendant's store, as McGill went into the store to ask for the money Williams and McCray were supposed to receive from committing the arson. From a police unit equipped with a receiver and recorder, police officers monitored and recorded McGill's conversation with defendant. A warrant for defendant's arrest was issued.
The taped conversation was played to the jury at the trial. Also, Williams and McCray testified that the defendant solicited their help in burning the store for the sum of $1,500.
At the trial, defendant denied any involvement in the arson. He testified that Williams approached him about the crime but he informed him he did not want anything to do with burning the store.

ASSIGNMENTS OF ERROR NOS. 1, 2 and 14
Defendant asserts that the trial court erred in denying his motion to suppress the private conversation between himself and Mattie McGill intercepted by means of a warrantless electronic surveillance. Defendant argues the interception of this conversation violated defendant's "right of privacy" guaranteed under Article 1, Sec. 5 of the Louisiana Constitution of 1974.
Defendant conceded during the trial that the United States Constitution did not prohibit the police officers' actions or the evidence obtained because Mattie McGill consented to the search and seizure. Defendant contends that his right to privacy under the Louisiana Constitution is much broader and specifically, in Article 1, Sec. 5 prohibits this type of search and seizure.
*67 This Court in State v. Reeves, 427 So.2d 403 (La.1982), on rehearing January 10, 1983, rejected that same contention and upheld a warrantless eavesdrop by state agents. For the reasons set forth therein, we must reject defendant's assignments of error dealing with the intercepted conversation.

ASSIGNMENT OF ERROR NO. 13
By assignment of error No. 13, defendant asserts that co-defendant Gary McCray's confession was illegally and unlawfully obtained by means of inducement and promises at a time when he was unable knowingly and voluntarily to make such a confession. Defendant urges that the recording of the intercepted conversation was a direct result of McCray's illegal confession and as such should have been suppressed.
McCray was in the hospital at the time he gave the confession. Detective Olds testified that McCray was advised of his Miranda rights. Both Detective Olds and McCray testified that no promises of leniency were made in exchange for the confession. It is clear from McCray's testimony during the trial that he decided to confess after pressure from his family and upon considering his prior experiences with the courts where he received a lighter sentence for telling the truth. On cross-examination, McCray testified that his statement was voluntary. He testified that he made the statement because he knew it would help him somewhere down the line, and not because the detective promised him anything. In Louisiana the statutorily mandated test for voluntariness "is not whether a confession was induced by improper external forces but whether the confession was free and voluntary and not made under the influence of fear, duress, intimidation, menace, threats, inducements or promises." R.S. 15:451; State v. Jackson, 381 So.2d 485 (La.1980). C.Cr.P. Art. 703(C). Both McCray and Detective Olds testified that no promises were made. Under our jurisprudence, the trial court's conclusion on the credibility and weight of testimony relating to the voluntariness of a confession for the purpose of admissibility are given great weight. The trial court's decision will not be overturned on appeal unless it is not supported by the evidence. Because the defendant produced no evidence to refute the testimony of either witness, the trial judge did not abuse his discretion. State v. Mullins, 353 So.2d 243 (La.1977); State v. Gaines, 354 So.2d 548 (La.1978); State v. Jones, 395 So.2d 751 (La.1981). This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 5
Defendant contends the trial court erred in permitting a co-defendant to give hearsay summary of conversations between defendant and another co-defendant. This testimony was admissible under the "co-conspirators" exception to the hearsay rule, La.R.S. 15:434, 15:455. Since there was a prima facie showing of conspiracy, co-defendant McCray's testimony that Williams claimed to have received instructions from defendant as to how to burn the building was admissible. State v. Dupree, 377 So.2d 328 (La.1979); State v. Carter, 326 So.2d 848 (La.1975); State v. Kaufman, 278 So.2d 86 (La.1973).

ASSIGNMENT OF ERROR NO. 6
Defendant asserts that the trial court erred in permitting the prosecutor to rehabilitate a state witness through the use of prior consistent statements contrary to the provisions of La.R.S. 15:497. The trial court should have sustained the defendants' objection. La.R.S. 15:497 requires that the witness' testimony be corroborated by statements made prior to the inconsistent declaration. Nevertheless, reversal is not required in view of the fact that the testimony complained of was a brief reference by the prosecutor and its admission did not affect the substantial rights of the accused. State v. Sayles, 395 So.2d 695 (La.1981); State v. Landry, 414 So.2d 674 (La.1982). This assignment lacks merit.

ASSIGNMENTS OF ERROR NOS. 7, 8, 9 and 12
Defendant contends the trial court erred in admitting the tape recorded conversation and transcripts into evidence *68 without an adequate foundation demonstrating the tape's chain of custody. First, the trial judge did not admit the transcripts into evidence. He admonished the jury to use them only as a guide. State v. Roche, 341 So.2d 348 (La.1977). Second, a review of the record shows the state laid a sufficient foundation for the admissibility of the tape by showing a continuous chain of custody of the tape from the time it was recorded to the time it was introduced into evidence. State v. Clement, 368 So.2d 1037 (La.1979). These assignments lacks merit.

ASSIGNMENT OF ERROR NO. 10
Defendant contends that the trial court erred in not permitting a witness (defendant's wife) to testify as to what she heard defendant tell co-defendant Williams during a conversation between the two men prior to the fire. The trial judge ruled that the witness could testify to any action she observed, but any words spoken by defendant constituted hearsay. We agree with the trial court. La.R.S. 15:434. This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 15
By this assignment defendant contends the trial court erred in imposing an excessive sentence. Defendant was sentenced to serve seven and one half years at hard labor. The maximum sentence which could be imposed under La.R.S. 14:52 when the damage amounts to over $500.00 is fifteen thousand dollars and fifteen years at hard labor.
The trial judge adequately complied with the sentencing guidelines of La.C.Cr.P. Art. 894.1. If the factual basis and individual considerations upon which the sentence is based appear in the record, then review will focus upon whether the trial judge abused his discretion. State v. Cox, 369 So.2d 118 (La.1979). A sentence is excessive "... if it is grossly out of proportion to the severity of the crime, or if it is nothing more than the purposeless and needless imposition of pain and suffering." State v. Bonanno, 384 So.2d 355, 357 (La.1980).
Considering the circumstances of the offense, the seriousness of the offense, defendant's actions and attitude after the arson was committed, defendant's criminal history and the fact that defendant could have received a total of fifteen years at hard labor, the sentence imposed is not excessive. This assignment lacks merit.
Conviction and sentence affirmed.
DIXON, C.J., dissents.
CALOGERO, J., concurs and assigns reasons.
DENNIS, J., concurs with reasons.
LEMMON, J., concurs.
CALOGERO, Justice, concurring.
I would be inclined to find merit in Assignment of Error Nos. 1, 2, and 14 which concern a denial of defendant's motion to suppress the private conversation between himself and Mattie McGill intercepted by means of a warrantless electronic surveillance.
However, a majority of this Court has recently decided State v. Reeves, 427 So.2d 403 (1983), rehearing denied (March 4, 1983). The majority here thus properly disposes of the issue under the jurisprudence of this state.
For the foregoing reasons, I respectfully concur.
NOTES
[*] Judge William Norris, III of the Court of Appeal, Second Circuit, participated in this decision as Associate Justice pro tempore, joined by Chief Justice Dixon, and Associate Justices Calogero, Dennis, Watson and Lemmon.