WILLIAM A. CULPEPPER, Judge Pro Tem.
Defendant, James A. Craddock, was charged by bill of information with attempt to commit first degree murder, a violation of La. R.S. 14:27 and R.S. 14:30, and aggravated burglary, a violation of R.S. 14:60. Pursuant to a plea bargain, defendant pled guilty to aggravated battery, which was a reduction from the attempted first degree murder charge, and also pled guilty to aggravated burglary. The trial judge accepted the guilty pleas and ordered a pre-sen-tence investigation. On July 7, 1986, the trial court sentenced defendant to serve ten years at hard labor and imposed a fine of $2,500.00, in default of which defendant was to serve an additional year without hard labor, on the aggravated battery charge, and six years at hard labor on the aggravated burglary charge, with the sentences to run consecutively. Defendant appeals, asserting that his sentences are excessive. We affirm.
FACTS
Defendant was an enlisted soldier in the United States Army stationed at Fort Polk, Louisiana. He began dating an older woman, Sandra Whitney (Sandy), who broke up with him after he struck her. After the breakup, defendant ransacked Sandy’s house, hit her, and bit her. Defendant was arrested in connection with this incident on August 30, 1985 and pled guilty to criminal damage to property.
On November 10,1985, defendant was on duty at Fort Polk when he heard that his platoon sergeant, Jerry Kight, was at Sandy’s house. He attempted to borrow a pistol, and, failing in that, he acquired a skinning knife and baseball bat. He then took a taxi to Sandy’s neighborhood where he walked up the street carrying the bat in his hand.
Defendant broke into Sandy’s house and began violently stabbing Sergeant Kight. Kight was cut in the spleen, kidneys, lungs, intestines and liver. Defendant then went to a neighbor’s house with the bat in his hand, looking for Sandy. Sandy’s children had fled her residence when they saw defendant approaching. After searching for Sandy without success, defendant returned to Sandy’s residence, where he was fol *83 lowed by a police officer. Defendant slammed the door and refused to open it. The officer drew his pistol and kicked the door open. There he found Sergeant Kight lying on the floor in a pool of blood, with his intestines protruding from his abdomen and a portion of his liver lying on the floor. Defendant was standing over Kight, spitting on him, which continued until he was handcuffed and pulled away. Kight was permanently disabled to the extent that he was unable to perform his former duties and was transferred to a less strenuous position.
Defendant admitted using hard drugs for some time prior to the incident and claimed to have been under the influence of LSD on the evening that the stabbing occurred. Defendant had a history of violent temper and continued .his aggressive behavior subsequent to his incarceration. On several occasions, defendant stated that he was planning to kill Sergeant Kight if he ever was released from prison.
EXCESSIVE SENTENCE
Defendant contends the sentence was unconstitutionally excessive and improper under the guidelines set forth in LSA-C.Cr.P. art. 894.1. On the aggravated battery charge, defendant was sentenced to serve ten years at hard labor, the maximum term of imposition, and fined $2,500.00 of a $5,000.00 maximum. He was sentenced to six years imprisonment on the aggravated burglary charge, which carries a possible term of imprisonment from one to thirty years. On the original charge of attempted first degree murder, defendant could have been sentenced to imprisonment at hard labor for up to fifty years.
A sentence imposed, although within the statutory limit, may still violate the defendant’s constitutional right against excessive punishment and the excessiveness of the punishment is reviewable by the appellate courts. La. Const, of 1974, Art. I § 20; State v. Sepulvado, 367 So.2d 762 (La.1979). To constitute an excessive sentence, the penalty imposed must be so grossly disproportionate to the crime in light of the harm caused to society as to shock our sense of justice, or it must be the needless imposition of pain and suffering. State v. Nealy, 450 So.2d 634 (La.1984); State v. Terracina, 430 So.2d 64 (La.1983). The trial judge is given wide discretion in the imposition of sentences and sentences within the statutory limits should not be set aside as excessive in the absence of manifest error. State v. Nealy, supra. It is proper for the trial court to consider benefits of reduced penalty exposure that defendant received from a plea bargain. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Tedder, 471 So.2d 1176 (La.App. 3 Cir.1985).
Defendant specifically argues that the trial judge failed to properly consider the following mitigating factors listed in LSA-C.Cr.P. art. 894.1:
“(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant’s criminal conduct, though failing to establish a defense;
(5) The victim of the defendant’s criminal conduct induced or facilitated its commission;
* # * # * *
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant’s criminal conduct was the result of circumstances unlikely to recur;”
The statutory guidelines of article 894.1 furnish criteria by which the reviewing court can measure whether a sentence is excessive. State v. Cann, 471 So.2d 701 (La.1985). In order to comply with the requirements of article 894.1, the sentencing court need not articulate every aggravating and mitigating circumstance in the article. However, the record must affirmatively reflect that adequate consideration was given to these codal guidelines in particularizing the defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983). The requirements of article 894.1 are ful *84 filled when the record affirmatively shows the trial court considered the statutory guidelines. State v. McDermitt, 406 So.2d 195 (La.1981); State v. Rainwater, 448 So.2d 1387 (La.App. 3 Cir.1984).
Defendant complains that the trial judge failed to consider the factors militating in his favor such as his age, his lack of a prior criminal record, and the fact that he was provoked by the victim. In his reasons for judgment, the trial judge emphasized the heinous nature of the crime and defendant's propensity for violence. He noted that defendant was only twenty years old at the time of the offense and that he had no prior felony convictions. The trial judge also detailed the circumstances leading up to the stabbing incident, which suggested that defendant was provoked by jealousy because the victim was dating, and later married, defendant’s ex-girlfriend. Certainly this was not sufficient provocation to justify the brutal nature of the offense, especially since the evidence showed that defendant premeditated the incident by threatening and harrassing Sandy on several occasions prior to the incident and apparently planning to harm her or someone close to her when he acquired the weapons.
The record reflects that the trial judge gave careful consideration to the guidelines set forth in article 894.1. Considering the heinous nature of the offense and the fact that defendant could have received an additional 24 years imprisonment on the aggravated battery charge and up to fifty years imprisonment on the original first degree murder charge, we find that the sentences are not excessive.
For the foregoing reasons, the conviction and sentences of the defendant are affirmed.
AFFIRMED.