JASPER E. JONES, Judge.
The defendant, Freddie L. Cann, was charged by bill of information with one count of distribution of marijuana in violation of LSA-R.S. 40:966 and with three counts of distribution of cocaine in violation of LSA-R.S. 40:967. He was tried by a *1098 jury and found guilty on all counts. He subsequently received consecutive sentences totalling 65 years at hard labor.[1] Defendant appeals his convictions and sentences relying on three assignments of error. We affirm.
Facts
Defendant sold the illegal substances to the same undercover narcotics agent on four separate occasions. The agent was equipped with an electronic surveillance device each time he made a purchase from defendant. Backup agents recorded the agent’s conversations with defendant. Pri- or to trial defendant moved to suppress the recordings. The motion was denied and the recordings on three of the transactions were admitted at trial.
The following is a brief description of each transaction on which defendant was charged and the sentence he received on each charge:
(1) October 18, 1982—The agent purchased 2.41 ounces of marijuana for $250.00—5 years.
(2) November 10, 1982—The agent purchased a small amount of cocaine for $125.00—15 years.
(3) November 19, 1982—The agent purchased a small amount of cocaine for $125.00—15 years.
(4) November 24, 1982—The agent purchased approximately one ounce of cocaine for $2,800.00—30 years.
Assignment No. 1
By this assignment defendant contends the trial court erred in denying his motion to suppress. He argues the recording of his conversations with the agent was an unreasonable invasion of his constitutional right to privacy. This argument was rejected and such recordings were held to be admissible in State v. Reeves, 427 So.2d 403 (La.1982). See also State v. Terracina, 430 So.2d 64 (La.1983).
This assignment of error lacks merit.
Assignment No. 2
By this assignment defendant contends the trial court failed to comply with LSA-C.Cr.P. art. 894.1 when imposing the sentences and the sentences imposed were based in part upon the trial court’s consideration of improper information.
LSA-C.Cr.P. art. 894.1 contains a list of aggravating and mitigating factors the trial judge should consider in determining the appropriate sentence to be imposed on a particular defendant. The trial judge need not articulate every aggravating and mitigating factor contained in the article; however, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, 434 So.2d 452 (La.App.2d Cir.1983); State v. Cunningham, 431 So.2d 854 (La.App.2d Cir.1983); State v. Smith, 433 So.2d 688 (La.1983).
Defendant first complains the trial judge failed to adequately articulate and consider several mitigating factors including his military record, his stable employment history and the fact that he is obligated to support six children from two marriages. The trial judge stated for the record that he considered all the 894.1 mitigating factors. However, he found it unnecessary to articulate all these factors because they were far outweighed by the number of offenses involved in the instant case and the fact that defendant has been convicted on drug related charges on four prior occasions. One of the convictions was for distribution of marijuana. Another was for possession of marijuana. The other two, which were for possession of marijuana and possession of cocaine, were overturned on appeal. State v. Cann, 319 So.2d 396 (La.1975); State v. Cann, 392 So.2d 381 (La.1980).
We agree with the trial judge’s determination that the number of charges against defendant in the instant case and his past record far outweigh any possible mitigat *1099 ing factors. The trial judge adequately articulated his sentencing reasons.
Defendant complains the trial judge improperly considered the two convictions overturned on appeal as factors militating for lengthy terms of imprisonment.
When imposing sentence the trial judge may consider the defendant’s history of prior criminal activity. 894.1 B(7). Pri- or criminal activity is not restricted to convictions. The judge may consider the defendant’s entire record and the implications contained therein. State v. Brown, 410 So.2d 1043 (La.1982); State v. Washington, 414 So.2d 313 (La.1982).
The trial judge mentioned the two reversed convictions while going over the information contained in defendant’s pre-sentence investigation report. It does not appear that he gave any particular weight to these convictions- other than as indications that defendant has a past involvement with drugs. The conviction overturned in 392 So.2d 381 was reversed because the prosecution made an impermissible reference to other crimes. It was not overturned for insufficiency of the evidence. In the conviction reversed in 319 So.2d 396 defendant was one of several people arrested in a house where marijuana was found. The conviction was overturned because the mere fact that defendant was in the house was not an indication he possessed the marijuana. Although defendant may not have possessed marijuana, the case supports an inference that he was at least associated with people involved with the substance.
We find no error in the trial court’s determination that the convictions overturned on appeal are indications of past involvement with drug related offenses and/or offenders. In making this determination we note that defendant had a drug related conviction prior to his arrest on the first of the two charges giving rise to the convictions overturned on appeal.
This assignment of error lacks merit.
Assignment No. 3
By this assignment defendant contends the sentences imposed are excessive.
The sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Hammonds, supra; State v. Brooks, 431 So.2d 866 (La.App.2d Cir.1983); State v. Square, 433 So.2d 104 (La.1983).
A sentence is constitutionally excessive in violation of Louisiana Constitution of 1974 Art. 1, § 20 if it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra.
The 65 year total sentence imposed is well within the statutory limits. Defendant could have received maximum consecutive sentences totalling 100 years; 10 years for the distribution of marijuana conviction, R.S. 40:966 B(2), and 30 years each on the distribution of cocaine convictions, R.S. 40:967 B(l).
The presentence report reveals the following information. In addition to the offenses for which he was convicted, defendant has been arrested on a number of previous occasions for drug related and other offenses. The defendant’s first arrest and conviction was for distribution of marijuana. He received a suspended sentence and was placed on five years probation for that offense. While on probation defendant was arrested four times and he was charged with eight offenses. Six of the offenses were drug related. Within a month after being released from probation defendant was arrested and charged with three drug related offenses. Since that time, not including his arrest for the instant offenses, defendant has been arrested five additional times and charged with eight offenses; two of which are drug related.
Defendant argues the trial court erred in imposing consecutive sentences. It is within the trial court’s discretion to *1100 order sentences to run consecutively. LSA-C.Cr.P. art. 883. Consecutive sentences may be justified when, due to his past conduct or repeated criminality over an extended period of time, the offender poses an unusual risk to public safety. State v. Carter, 412 So.2d 540 (La.1982).
Defendant’s criminal record dates back to 1973 when he was convicted of the felony of distribution of marijuana and placed on probation. Defendant’s extensive prior record of involvement in drug related offenses and the fact that he was convicted of four distribution offenses in the instant case, justify the trial court’s conclusion that he will continue to engage in this type conduct and, as such, poses an unusual risk to the public safety. We find no error in the trial court’s ordering the sentences to run consecutively.
Defendant also contends the trial court erred in imposing the maximum 30 year sentence on one of the cocaine charges. He argues the relatively small amount of cocaine involved, one ounce, does not warrant the imposition of the maximum sentence.
As a general rule, maximum sentences are appropriate only in cases involving the most serious violation of the charged offense and the worst type offender. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981). Defendant’s extensive history of involvement in drug related offenses and the number of offenses here involved indicate he is among the worst type offender. The fact that the ounce of cocaine sold for $2,800.00 indicates that an ounce of the substance is a substantial quantity. While the distribution of one ounce of cocaine may not be the most serious violation of the offense, it is, nevertheless, a most serious violation of the offense. We find no error in the trial court’s imposition of the maximum sentence on one of the four convictions.
For the foregoing reasons we find no manifest abuse of the trial court’s discretion in the sentences imposed.
This assignment of error lacks merit. Defendant’s convictions and sentences are AFFIRMED.

. Defendant was also fined $5,000.00 on the marijuana charge or in iieu of the fine an additional year of imprisonment.