471 So.2d 701 (1985)
STATE of Louisiana
v.
Freddie L. CANN.
No. 85-K-0020.
Supreme Court of Louisiana.
June 17, 1985.
*702 Lavalle B. Salomon, Thomas W. Davenport, Davenport, Files & Kelly, Monroe, for plaintiff-applicant.
William J. Guste, Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James A. Norris, Jr., Dist. Atty., Joseph Mickel, Robert Kennedy, Asst. Dist. Attys. for defendant-respondent.
MARCUS, Justice.
Freddie L. Cann was charged in the same information with one count of distribution of marijuana in violation of La.R.S. 40:966 and three counts of distribution of cocaine in violation of La.R.S. 40:967. After trial by jury, he was found guilty as charged on all counts. A presentence investigation was ordered. After a review of the presentence report and a sentencing hearing, the trial judge sentenced defendant to serve five years at hard labor and to pay a fine of $5,000 or, in default thereof, to serve an additional year on the marijuana conviction. He sentenced defendant to serve fifteen years at hard labor on each of two of the cocaine convictions and thirty years at hard labor on the remaining cocaine conviction. He expressly directed that the sentences be served consecutively, resulting in a total sentence of sixty-five years at hard labor. On appeal, the court of appeal affirmed defendant's convictions and sentences.[1] On defendant's application, we granted certiorari to review whether the sentences are excessive.[2]
The record reveals that during the course of about a five-week period, Deputy Joe Lewis, who was working in an undercover capacity, purchased drugs from defendant on four occasions. On October 18, 1982, Deputy Lewis went to Cann's Grocery on Bethune Street in Monroe, Louisiana, and purchased from defendant 2.41 ounces of marijuana for $250. About three weeks later, on November 10, Deputy Lewis again contacted defendant and purchased from him a small quantity of cocaine for $125. Nine days later, on November 19, Deputy Lewis contacted defendant and purchased from him about 1.4 grams of cocaine for $125. Five days later, on November 24, Deputy Lewis made his final purchase from defendant buying about one ounce of cocaine for $2,800. During this last purchase, defendant was arrested.
The presentence report, which includes two prior reports, reveals that defendant is 32 years of age. He is a high school graduate and was highly regarded by his former school principals who described him as a good student and a good athlete who was never in any type of trouble while in school. Defendant has attended college and lacks only six semester hours to complete his degree. He served in the United States Army from March 1971 until April 1973 when he was honorably discharged. While on active duty, he served in South Vietnam and was awarded numerous decorations. He is married and is the father of six children, three of which are from a former marriage. Defendant and his wife own and operate Cann's Grocery store in Monroe, Louisiana.
The presentence report further reveals that defendant has no juvenile record for arrests and/or convictions. However, his adult record shows numerous arrests for drug related and other offenses as well as several convictions for drug related offenses. In 1973, he was convicted in Colorado for distribution of marijuana. He received a suspended sentence and was placed on five years probation for that offense. In 1983, defendant was convicted of possession of marijuana. He was fined $400 and sentenced to serve 120 days in *703 Ouachita Parish jail. Defendant's two other convictions, possession of marijuana and possession of cocaine, were reversed by this court on appeal. See State v. Cann, 319 So.2d 396 (La.1975) (reversed due to insufficient evidence that defendant had constructive possession of marijuana); State v. Cann, 392 So.2d 381 (La.1981) (reversed because of the improper introduction of other crimes evidence).
At the sentencing hearing, the trial judge stated for the record that he had reviewed the presentence report and considered all of the factors contained in La.Code Crim.P. art. 894.1 in determining the appropriate sentences to be imposed. To defendant's credit, according to the trial judge, was the fact that he had attended college and was an articulate and intelligent man. However, referring to defendant's prior record of arrests on drug related offenses and prior drug convictions, the trial judge concluded that there was an undue risk that defendant would commit the same crime again. The trial judge also concluded that defendant's criminal conduct threatened serious harm to members of the community, particularly the youth of the community for which defendant had professed concern in the presentence report. Finally, the trial judge concluded that any lesser sentences than the ones that he was imposing would deprecate the seriousness of the defendant's crimes. He then imposed upon defendant consecutive sentences totaling sixty-five years at hard labor.
La. Const. art. 1, § 20 prohibits the imposition by law of excessive punishment. Accordingly, we have held that imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional rights against excessive punishment that is enforceable by this court on appellate review. The trial judge's reasons in imposing sentence, as required by La. Code Crim.P. art. 894.1, are an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Abercrumbia, 412 So.2d 1027 (La.1982). Moreover, the trial judge is given a wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, supra. The penalty imposed must be so grossly disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
In the instant case, the trial judge substantially complied with La.Code Crim.P. art. 894.1 as he stated for the record considerations taken into account and the factual basis therefor in imposing defendant's sentences. As observed by the trial judge, defendant has a substantial prior record of involvement in drug-related offenses and, as a second felony offender, he must be sentenced to serve a term of imprisonment. However, our review indicates that there are several mitigating factors present, involving defendant's personal history and the circumstances under which the offenses were committed, that weigh against the imposition of lengthy consecutive sentences and to which the trial judge failed to accord with sufficient weight. Defendant is a veteran of the Vietnam War with a good military record that includes several decorations. He is self-employed as the owner and operator of a grocery store. He has a family and his imprisonment is going to work a substantial hardship on his wife and six children. Moreover, although defendant was convicted of four charges of distribution (one for marijuana and three for cocaine), each sale involved a relatively small amount of drugs, was separated from the other sales by relatively short periods of time, and was made to the same undercover policeman. Under these circumstances, we conclude that the trial judge abused his discretion in imposing such severe sentences on defendant. While none of the individual sentences imposed are excessive, we find that the imposition of consecutive sentences totaling sixty-five years at hard labor to be so grossly disproportionate to the crimes *704 committed as to shock our sense of justice. As we find that it is the aggregate of the sentences that makes them constitutionally excessive, the sentences must be amended to provide that defendant's sentences are to be served concurrently rather than consecutively.

DECREE
For the reasons assigned, the convictions are affirmed but the sentences are amended to run concurrently. In all other respects, the sentences imposed by the trial judge are affirmed.
LEMMON, J., concurs.
NOTES
[1] 460 So.2d 1096 (La.App. 2d Cir.1984).
[2] 464 So.2d 1368 (La.1985).