MARVIN, Judge,
dissenting.
I respectfully dissent from the conclusion of my distinguished colleagues that the State met its burden of proof under LRS 15:271, 438, and Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) of excluding the equally reasonable hypothesis that Donells Cann did not know that the saddlebag contained marijuana when he delivered it to the boy.
Viewed in the light most favorable to the prosecution, the State’s proof of knowledge at the time of the transfer is essentially limited to Donells’ borrowing the motorcycle, giving $10 to the boy to take the saddlebag to a location near the apartment project, and shortly thereafter demanding and making threats to force the return of the saddlebag when he discovered it in the hands of Robinson, who may have told him that the bag contained marijuana (Robinson’s testimony implied this fact and Don-nells’ expressly denied it). The fact that Donnells, like his brother, Freddie, and his friend, Keller, had been convicted of earlier crimes reflects only on Donnells’ credibility. . As I shall attempt to demonstrate, the stated facts that are summarized on p. 1267 of the majority opinion do not exclude the reasonable hypothesis that Donnells did not have knowledge of what the saddlebag contained when he effectively delivered it to the boy.
The State’s witnesses, the investigating officer and Robinson, admitted that the saddlebag did not appear suspicious or unusual and that one had to “feel” the bag and then open it to realize that it contained the two sandwich bags of marijuana. If Robinson did not tell Donnells Cann of the marijuana in the saddlebag after he took it from the boy, the facts from which we might infer Donnells’ knowledge are even more attenuated. The State must prove the inference that defendant must have known what was in the saddlebag when he transferred it, to the exclusion of the equally reasonable hypothesis that he did not know what was in the saddlebag. State v. 1971 Green GMC Van, 354 So.2d 479 (La.1977); State v. Knight, 298 So.2d 726 (La.1974).
It is also equally reasonable, or perhaps more so, to infer that the marijuana in the saddlebag belonged to Freddie rather than to Donnells. Freddie’s proved involvement with drugs was much more recent and extensive than Donnells’ proved involvement. See Freddie’s record in State v. Cann, 460 *1270 So.2d 1096 (La.App. 2d Cir.1984), amended and affirmed, 471 So.2d 701 (La.1985). The State’s argument (that Donnells did not want to risk having the marijuana in his possession when he left the motorcycle) fades considerably in the light of the testimony of the State’s witness, Robinson. Robinson said that Donnells unequivocally threatened him and demanded that the saddlebag be returned to him when Donnells first saw Robinson with the bag and was told that Robinson had called police. Under these circumstances it is as reasonable to infer that Donnells did not know what was in the bag when he paid the boy to take it as it is to infer that he knew.
The State argues and the majority concludes that neither defendant nor Keller should be believed about anything because the credibility of each had been impeached. The credibility of a defendant is immaterial to the State’s burden of proof. If the hypothesis argued by the defendant is consistent with the evidence supporting the hypothesis argued by the State, the State’s burden is not lessened by the incredibility of a defendant. LRS 15:271; 438. Evidence that is insufficient to convict is not raised to the level of legal sufficiency merely because a defendant or his witness is found incredible. See State v. Savoy, 418 So.2d 547 (La.1982); State v. Shapiro, 431 So.2d 372, 388 (La.1982); State v. McFadden, 476 So.2d 413 (La.App. 2d Cir.1985), writ denied.
The majority concludes that Donnells’ instruction to the boy and his reaction or threats to Robinson support the inference that Donnells paid the boy to deliver the saddlebag to the apartment project, not wanting to risk being caught with the saddlebag in his possession, because he knew the saddlebag contained $1,000 worth of marijuana. This conclusion or reasoning overlooks that Donnells was faced with the same risk (of being charged with constructive possession of the marijuana in the saddlebag) whether the bag was in his hand or on the motorcycle when he was riding it and overlooks Donnells’ threats and demand to possess the bag after Robinson told him he had telephoned the police.
Even though there was no evidence to contradict the testimony of Donnells and of Keller about Donnells not handling the saddlebag and about riding the motorcycle for the first time, the jury obviously inferred that Donnells must have known that the saddlebag contained marijuana, which belonged either to him or to Freddie Cann, when he paid the boy to take the saddlebag. The association of defendant and of his brother with drugs, may prove beyond a reasonable doubt that Donnells knew the taste, feel, smell, and appearance of marijuana, but this proof falls short of establishing that Donnells must have known that the saddlebag contained marijuana when he paid the boy to take the saddlebag. The saddlebag, a gift to Freddie from another, had some value and was not permanently affixed to the motorcycle.
A crime is only that conduct which is defined as criminal by the legislature. LRS 14:7. Criminal conduct is not criminal character, predisposition, or reputation, but is an act which, when combined with criminal intent or knowledge, produces criminal consequences that are defined by the legislature. LRS 14:8, 9.
Although the inference of Donnells’ “knowledge” under this circumstance may be reasonable, a reasonable inference of guilt will not support a verdict of guilty when another inference suggests that lack of knowledge, or innocence, may also be reasonable. The test is whether the doubt or the inference or hypothesis of innocence is reasonable and consistent with the totality of the State’s evidence. The test may also be stated as whether the jury could have found beyond a reasonable doubt that an inference that was either suggested, or argued, by the defendant was unreasonable and without foundation in the light of the totality of the evidence. State v. Graham, 422 So.2d 123 (La.1982); State v. McFadden, supra. Compare the factual circumstances establishing constructive possession which may be applied by analogy to the crime of knowingly distributing marijuana, in State v. Mims, 330 So.2d 905 *1271 (La.1976); State v. Porter, 296 So.2d 302 (La.1974); State v. Tasker, 448 So.2d 1311 (La.App. 1st Cir.1984), writ denied; State v. Abram, 465 So.2d 800 (La.App. 2d Cir. 1985), writ denied.
Eight factors are mentioned in Abram, supra, where constructive possession of a CDS in a residence was the issue: (1) whether defendant knew contraband was in the residence; (2) whether and how often the defendant had been in the residence; (3) how long defendant had been in the residence on this occasion; (4) whether the defendant had ready access to the residence; (5) whether the residence was frequented by drug users (6) whether the residence contained indications of recent drug use; (7) whether defendant had contraband on his person; and (8) whether the defendant had any control over the contraband found in the residence.
The factors may be applied to the circumstances described by the majority. See State v. Kreller, 255 La. 982, 233 So.2d 906 (1970). The motorcycle, in this instance, is akin to the residence in Abram. Consideration of most of the factors (1-4, 7) obviously does not lead to a conclusion of guilt. There was absolutely no evidence offered by the State to suggest that Donnells had frequent access to or use of the motorcycle, that he knew either that the saddlebags contained marijuana or that Freddie stashed marijuana in the saddlebag or used the motorcycle to deal in marijuana, or that connected Donnells Cann with the marijuana in the saddlebag.
For these reasons, I suggest that Don-nells’ conviction for distribution (to the boy) cannot stand. LRS 15:438.