DOMENGEAUX, Judge.
Defendant, Johnny Otis Davis, was indicted on two counts of attempted second degree murder, a violation of La.R.S. 14:27 and 14:30.1. On April 9, 1987, the defendant was found guilty of one count of the lesser included offense of aggravated battery, a violation of La.R.S. 14:34. On September 24, 1987, the Trial Judge sentenced the defendant to serve six (6) years at hard labor. The defendant has appealed his sentence as excessive.[1]
FACTS
On July 17, 1986, the defendant, Johnny Otis Davis, went to Miller Lane Cafe in Many, Louisiana. While in the parking lot, the defendant saw his estranged wife, Regina Davis, from whom he had recently physically separated. Mrs. Davis was with Jeff Aldridge, an alleged boyfriend. A peace bond against the defendant that had been issued in March, 1986, at the request of Regina Davis was then currently in effect.
The defendant left the Cafe but later returned around 7:00 p.m. with a gun partially concealed in his waistband. He stat *738 ed that he brought the gun to protect a female friend of his who was being har-rassed by another man at the Cafe. When the defendant returned to the Cafe, his wife and Aldridge were no longer there.
All evening long, the defendant continued to come and go from the Cafe spending half of his time at the Cafe and half at another establishment down the street. Upon his last visit to the Cafe, the defendant again saw his wife and Aldridge in the parking lot. The defendant entered the Cafe and decided to leave soon thereafter. He noticed that his wife and Aldridge were also about to leave in their respective vehicles.
The defendant also decided to leave and, as he left, passed next to Aldridge’s car door. As soon as he passed, the defendant stated that he heard Aldridge’s door swing open. The defendant turned to find Al-dridge charging towards him. Aware that Aldridge often carried a gun, the defendant grabbed his own gun and shot Aldridge, grazing him above the left ear. Aldridge fell to the ground. Believing that Aldridge had been killed, Regina Davis fired two shots at the defendant. The defendant then fired twice at her. Neither party was hit except that a sliver of glass became lodged in the defendant’s eye.
The defendant then ran to the home of his mother, who immediately called the police. The defendant gave a statement that night and was subsequently charged with two counts of attempted second degree murder. After being acquitted of one count, the jury found the defendant guilty of the lesser included offense of aggravated battery.
ASSIGNMENT OF ERROR
The defendant argues that the Trial Court imposed an excessive sentence by sentencing him to six (6) years at hard labor. The maximum sentence the defendant could have received was a fine of $5,000.00 or imprisonment with or without hard labor for not more than ten (10) years, or both.
Initially, the defendant argues that the Trial Court did not give appropriate weight to several mitigating factors; namely, the defendant’s personal history, the moderate degree of the offense and the iiklihood of the defendant’s rehabilitation. However, the defendant concedes that the Trial Court stated these considerations on the record prior to sentencing the defendant. Therefore, the defendant is not contending that the Trial Court failed to comply with La. Code Crim.Proc. art. 894.1’s requirement that the sentencing court state its factual basis and considerations for the imposed sentence on the record. Additionally, the defendant argues that under the facts of this case, the defendant’s sentence is simply “too lengthy and unfair a term of imprisonment.” Both bases of the defendant’s assignment of error contain the same argument; certain mitigating factors render the defendant’s sentence to be excessive. Therefore, they shall be addressed together.
A sentence imposed, although within the statutory limit, may still violate the defendant’s constitutional right against excessive punishment under the particular circumstances of the case. State v. Sepulvado, 367 So.2d 762 (La.1979). The statutory guidelines of La.C.Cr.P. art. 894.1 furnished the criteria by which an appellate court can review whether a sentence is excessive. State v. Cann, 471 So.2d 701 (La.1985). The record must clearly reflect that the Trial Judge considered the personal history of the defendant, in addition to the seriousness of the crime and the past criminal history of the defendant. State v. Quebedeaux, 424 So.2d 1009 (La.1982); affirmed on remand, 446 So.2d 1210 (La.1984).
The Trial Judge is given wide discretion in imposing sentences within the statutory limits and the sentence imposed shall not be set aside as excessive in the absence of manifest abuse of discretion. State v. Washington, 414 So.2d 313 (La.1982).
At the sentencing hearing, the sentencing Judge stated that although the defendant had projected a calm and congenial attitude during the trial, and although sev *739 eral persons attested to the defendant’s good character, the pre-sentence investigation report presented a different view of the defendant. The sentencing Judge pointed out that even though the defendant did not have a bad record, he had previously participated to a limited degree in criminal activity. The defendant had been convicted of misdemeanor theft in 1972, disturbing the peace in 1973 and attempted simple burglary and two counts of distribution of marijuana in 1976. As a result of his 1972 convictions, the defendant was a second felony offender. Also, aggravated battery charges were still pending against the defendant from a February, 1986 incident.
The Judge also stated that the defendant’s actions had threatened serious harm, despite the jury’s verdict of acquittal on the original charges. However, the Judge also noted that the victim had partially provoked the defendant’s actions. The Judge stated that he could not speculate on the liklihood of the defendant repeating this conduct and that the defendant’s status as a second felony offender precluded probation. In closing, the Judge noted that the defendant was not actively supporting any dependents.
The record clearly indicates that the Trial Judge adequately considered the guidelines of article 894.1 in determining an appropriate sentence and in articulating his reasons for the sentence. The record also shows that the sentencing Judge considered the aforementioned mitigating factors which the defendant claims were not given sufficient weight. In light of the obvious consideration the sentencing Judge gave these factors, we find no grounds to second guess his decision. We find no abuse of discretion in this sentence.
For the foregoing reasons, the conviction and sentence of the defendant are affirmed.
AFFIRMED.

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd. Cir.1983), concurring opinion at 1339; writ denied, 433 So.2d 729 (La.1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.