WARD, Judge.
A grand jury charged Charles Frost with the second degree murder of Edward Little. A jury found Frost guilty of manslaughter and the Trial Judge sentenced him to twenty-one years imprisonment at hard labor. The State then charged Frost as a multiple felony offender for a previous conviction of possession with intent to distribute LSD. After a hearing, the Trial Judge vacated the first sentence and resen-tenced Frost to forty-two years imprisonment without benefit of probation, parole, or suspension of sentence for twenty-one years and without good time eligibility. Frost appeals, arguing that the Trial Court erred by imposing an excessive sentence prohibited by the Louisiana Constitution of 1974, Article 1, Section 20. Finding no merit in Frost’s sole assignment of error, we affirm his conviction and sentence.
A trial judge is accorded much discretion in imposing a sentence which is within the statutory sentencing range, and the sentence will be set aside as excessive only when it is a manifest abuse of that discretion. Frost received the maximum sentence provided for in La.R.S. 14:31 and La.R.S. 15:529.1.
Although a sentence falls within the statutory range, it may still violate Article 1, Section 20 of the Louisiana Constitution prohibiting cruel, excessive or unusual punishment. State v. Cann, 471 So.2d 701 (La.1985). But, only sentences which are grossly disproportionate to the severity of the crime or display nothing more than the needless imposition of pain and suffering are considered excessive. State v. Brogdon, 457 So.2d 616 (La.1984), cert. denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862, rehearing denied 473 U.S. 921, 105 S.Ct. 3547, 87 L.Ed.2d 670 (1985). Frost’s sentence is neither.
In reviewing an allegedly excessive sentence, an appellate court should consider the trial judge’s reasons for imposing the sentence to determine whether the judge tailored the sentence to the crime and to the convicted individual. La.C.Cr.P. art. 894.1 focuses the trial judge’s attention on several considerations and requires him to impose a particularized sentence. An appellate court will determine whether the trial judge, following the sentencing guidelines, tailored the sentence to the particular individual.
In the present case, the Trial Judge thoroughly addressed the sentencing guidelines, applying them to the facts of the case. The record shows that Frost and the victim were homosexual lovers who shared an apartment. On the night before the homicide Frost and the victim drank heavily. They had an argument, and Frost beat, bound and gagged Little. Frost then left the apartment and locked the door from the outside, and then flew to Miami. The next day Frost contacted a former co-worker in New Orleans and requested that he check on Little, and he also contacted the Miami Police and told them that he killed Little in New Orleans after seeing Little holding a knife. The only knives obtained from the apartment, however, were found on the roof.
The medical testimony revealed that Little's body had numerous external injuries including bruises and lacerations, internal bleeding and a fractured nose. His blood alcohol content was .38%. He died of asphyxiation caused by the gagging and perhaps exacerbated by the nose fracture.
The Trial Judge reviewed the facts of the case at length when sentencing Frost. He remarked on the cruel and extremely disturbing manner by which Frost injured Little when Little was too intoxicated to fight back. He also noted how Frost left Little bound and gagged to die slowly and helplessly by asphyxiation.
The Trial Judge’s specific reference to the victim’s suffering and his needless death, the extremely cruel nature of the crime and Frost’s past criminal conduct— all overwhelmingly indicate compliance *409 with art. 894.1. Indeed, the Judge outlined the subsections of art. 894.1 in his recitation of the reasons why he imposed the maximum sentence in the case.
Furthermore, the specific mention of the absence of any mitigating factors and the presence of the aggravating fact of Frost’s prior criminal history,, demonstrate that the sentence was individualized. The Trial Judge also stated his belief that the facts would have supported a second degree murder conviction.
In resentencing Frost as a multiple offender, the Judge reiterated the facts of the case and his specific reasons for the sentence he would impose. Furthermore, his prior conviction of possession with intent to distribute LSD is a serious offense, one which clearly shows Frost’s proclivity toward serious criminal behavior.
Overall, the Judge’s lengthy statement of his reasons for sentencing clearly show that he defined, considered and applied the relevant factors enumerated in art. 894.1. Hence, we cannot conclude that Frost’s sentence is unconstitutionally excessive.
For the reasons explained, Frost’s conviction and sentence are affirmed.
AFFIRMED.