FORET, Judge.
Defendant, Vicki L. Broussard, was charged by grand jury indictment with theft in excess of $500, a violation of La. R.S. 14:67. She pleaded guilty and was sentenced to three years at hard labor. Broussard is appealing her sentence on the ground that it is excessive.
FACTS
Vicki L. Broussard began working as the manager of A Child’s World Day Care Center (hereafter Child’s World) in June of 1981. Child’s World was owned by Mike Bono, Bevo Rome and Wayne McElveen. When she started working at Child’s World, Broussard was working on salary plus 10% of the yearly profits. She only *936 received the 10% at the end of the first year, although she worked at Child’s World until the end of September, 1986.
The parents of the children paid for the services of Child’s World in cash and by check. When someone paid the day care center, Broussard would enter the amount in the receipt book. The problems preceding Broussard’s arrest concerned the cash receipts which she received. From June, 1981 through the end of 1981, the cash deposits for Child’s World were $12,537.85. For the next few years in which the defendant worked at Child’s World, the cash deposits were $8,748.16 in 1982; $2,386.80 in 1983; $5.75 in 1984; and $11.90 in 1985. Although she estimated that she received at least $4,500 in cash from January to September of 1986, only $94 in cash was deposited.
Broussard testified at her pre-sentencing hearing that as manager of Child’s World, she took care of the day-to-day operating costs of the day care center. She stated that after she had worked there for several years, she began to pay for more of the supplies and provisions for the day care center, gas and repairs for the day care center’s van, and whatever else that was needed out of the cash receipts she received. From January, 1984, until September, 1986, she admitted to pocketing any extra change she had left over after buying what was needed. However, as a defense, she testified that she did get receipts for everything that was purchased. She contended that she couldn’t prove the purchases because Mr. Bono had all of the receipts in his possession.
Broussard further testified that although the accountant did the books every month, he reviewed only the bank deposit records and not the cash receipt books. The cash receipt books remained in Broussard’s possession. Therefore, the missing change went unnoticed. Furthermore, the accountant never broke down the intake of cash versus checks in the reports to the managing owner, Mike Bono. Consequently, the fact that the cash deposits were dwindling down to nothing went unnoticed. Although Broussard explained that the large reduction in cash deposits was due to the fact that the business van began to break down nearly every day, Mr. Bono testified that he paid for many of the van repairs himself. Bono also testified that Broussard had available and used charge accounts for gas, groceries, and other supplies.
Broussard continued her testimony by stating that she kept the cash receipt books at the day care center. Conversely, Mr. Bono testified that after her employment was terminated, he went directly to the day care center but could not find the books. These books were the only record as to how much cash the day care center received while she was there. The records had not been found at the time of sentencing. Although Broussard claimed that she did not take or destroy these records, the trial judge clearly did not believe her.
When defendant left Child’s World, she opened another day care center on October 13, 1986. Most of the teachers and the students from Child’s World followed her, resulting in the closing of Child’s World.
Broussard pled guilty to taking $3,899 from Child’s World. Although she did not know exactly how much she had taken, she testified that she had pocketed at least this amount. However, the owners felt that she had taken far more. Mr. Bono felt she owed restitution in the amount of $125,000; the other owners, Mr. Rome and IV^r. McEl-veen, felt she owed, respectively, $45,000 and $135,000, while the accountant, Dickie Dickerson, felt she owed $93,000. The State conceded that she was charged with the theft of only $3,899 because that was all that could be proven beyond a reasonable doubt. As the cash receipt books could not be found, the exact amount she had taken could not be determined. Although she denied taking the amount of cash she was accused of, the trial judge believed the amount to be somewhere between $3,899 and $93,000. The trial judge then sentenced her to three years at hard labor.
ISSUE
Broussard maintains that the trial court erred when it failed to suspend the three- *937 year sentence imposed. First, she claims that the trial court was under the mistaken impression that a defendant must make restitution in an amount equal to the theft in order to get a suspended sentence.
Article 895.1 of the Louisiana Code of Criminal Procedure provides, in part:
“Art. 895.1. Probation; restitution; supervision fee
A. When a court places the defendant on probation, it shall, as a condition of probation, order the payment of restitution in cases where the victim or his family has suffered any monetary loss or medical expense. The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim. The payment shall be made, in the discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant.
B. When a court suspends the imposition or the execution of a sentence and places the defendant on probation, it may in its discretion, order placed, as a condition of probation, an amount of money to be paid by the defendant to any or all of the following:
[[Image here]]
(5) To the victim to compensate him for his loss and inconvenience. Such an amount may be in addition to any amounts ordered to be paid by the defendant under Paragraph A herein.”
Although it is within the discretion of the trial judge to compensate the victim for his loss and inconvenience under Art. 895.-1(B)(5), the trial judge is required under Art. 895.1(A) to order restitution when the victim or his family suffers any monetary loss or medical expenses. Broussard is correct in her assertion that the trial judge need not order restitution in the exact amount of the theft. The trial judge need only order restitution in a reasonable sum which does not exceed the actual pecuniary loss.
The actual pecuniary loss involved in this case could not be determined because the cash receipt books were not available. The trial judge felt that the actual monetary loss was between $3,899 and $93,000. This large discrepancy in the range of probable losses' made it impossible for the trial judge to determine a reasonable sum which would not exceed the victims’ actual pecuniary loss. Moreover, the trial court found that this large discrepancy was due to Broussard’s actions in taking or destroying the cash receipt books.
This case clearly presented the trial court with unique facts which prevented the ordering of restitution if Broussard had been placed on probation. When a trial judge determines that restitution cannot be ordered because a reasonable restitution, which would not exceed the victim’s actual pecuniary loss, is indeterminable and, if this indefiniteness is a result of the defendant’s actions, it is within the discretion of the trial judge to deny suspension of the defendant’s sentence.
Under the facts of this case, the trial judge could not determine a specific amount for restitution. The trial judge found that the inability to determine the victims’ actual pecuniary loss was due to Broussard’s taking of the receipt books. Thus, it was clearly within the trial judge’s discretion to refuse to suspend Broussard’s sentence.
Secondly, Broussard also alleges that the trial court erred by not fully considering all the factors militating for suspension of sentence. Specifically, Broussard contends that it is unlikely that she would commit another crime, if placed on probation, insofar as she is now self-employed and has not been charged with any crime for over two and one-half years. On this basis, Brous-sard contends that the sentence is excessive.
During the sentencing hearing on January 17, 1989, the trial judge took into consideration that the defendant had no prior criminal record; that she is 31 years old and had admitted her guilt. Although she seemed willing to make restitution, no specific amount could be determined without the cash receipt books which the trial judge felt she had probably destroyed. *938 The trial judge recognized Broussard as an eligible candidate for probation, but did not place her on probation due to the circumstances of this case. The trial judge’s reasons for imposing sentence, which take into account the statutory guidelines of Art. 894.1, furnish an important aid by which an appellate court may measure whether a sentence is excessive. State v. Cann, 471 So.2d 701 (La.1985). The sentencing guidelines set forth in Art. 894.1(B) are accorded weight in the determination as to the propriety of suspension of sentence or probation, but they do not control the sentencing discretion of the trial court. State v. Capdeville, 438 So.2d 1310 (La.App. 3 Cir. 1983). Although the trial judge should state every aggravating and mitigating factor recited in Art. 894.1, remand will be unnecessary where the sentence imposed is not apparently severe and is in the lower range of the sentencing scale. State v. Jones, 412 So.2d 1051 (La.1982); State v. Davis, 438 So.2d 1288 (La.App. 3 Cir. 1983), writ denied, 445 So.2d 455 (La.1984).
It is clearly within the discretion o'f the trial judge to determine whether or not to give a suspended sentence to the defendant. The crime of theft valued in excess of $500 carries a maximum sentence of 10 years at hard labor and/or a fine of $3,000 dollars. La.R.S. 14:67. Broussard received a sentence of three years at hard labor. The sentence is clearly in the lower range of sentencing and is not overly severe.
Therefore, we find that this assignment lacks merit.
DECREE
Based upon the foregoing, the sentence of Vicki L. Broussard is affirmed.
AFFIRMED.