BERNARD N. MARCANTEL, Judge Pro Tern.
On appeal the defendant has filed three assignments of error: (1) the trial court erred in that the sentence imposed was excessive; (2) the trial court erred in allowing the State to systematically exclude minorities from the jury; and (3) the trial court erred in overruling any and all of defendant’s objections during the trial. Assignment of Error Number 3 has not been briefed and therefore is abandoned under Uniform Rules-Courts of Appeal, Rule 2-12.4.
Donald R. Melancon (hereinafter defendant) was charged by Bill of Information with distribution of cocaine,' a violation of La.R.S. 40:967 A. Defendant’s first trial ended with a hung jury and defendant was subsequently retried and found guilty as charged on July 17, 1990. The State filed a habitual offender bill against defendant. After giving lengthy reasons, the trial judge sentenced defendant to 20 years at hard labor and ordered him to pay court costs.
*333 PACTS
On October 8, 1988, Officer Lincoln New-bill and Detective Joseph London were involved in an undercover sting operation to purchase drugs in which the officers were introduced to a black male at the HideAway Lounge by Ephen Banks. The officers picked Banks up at his residence and, while riding in their car, Banks asked the men, who were operating undercover at the time, if they needed anything, referring to narcotics. The undercover officers told him they did and Banks told them he was selling $80.00 bags. The officers responded that they only wanted $25.00 bags and Banks told them that he knew where they could purchase these bags at the price they desired. He then began to direct the officers to Concordia Apartments. On the way to the apartments, Banks told them “Me-lancon” was in town. When they could not find Melancon in the complex, Banks told them he knew where Melancon was and directed them to the Hide-Away Lounge. As they pulled up to the lounge, Banks remarked that Melancon’s van was at the lounge. Banks got out of the car and went inside the lounge. The officers pulled up behind the van so they could get the license number of the van. Banks came out of the lounge with a black male later identified as Don R. Melancon. Banks told Melancon that the officers wished to buy something and he produced two packages, which the officers suspected were cocaine, and told the officers that he wanted $80.00 each for them. Detective London said he only wanted a $25.00 package and Melancon told him he would have to fix it up. Melancon got into the blue van and returned a short time later with a small package of suspected cocaine. The officers paid Melancon $25.00 for the package.
On December 19, 1988, a warrant was issued for defendant’s arrest for cocaine charges stemming from the purchase by the undercover officer’s sting operation on October 8, 1988. Defendant was arrested on January 2, 1989.
ASSIGNMENT OF ERROR NUMBER 1
Defendant contends in his first assignment of error that his sentence of twenty years at hard labor is excessive. Defendant was also ordered to pay court costs, but this is provided automatically by La.C.Cr.P. art. 887.
The penalty for distribution of cocaine is a sentence of imprisonment of not less than five years and not more than thirty years at hard labor with a fine of up to $15,-000.00. La.R.S. 40:967 B(l). As a second felony offender, the sentencing range was increased to not less than fifteen and not more than sixty years at hard labor. La. R.S. 15:529.1 A(l). Defendant’s sentence of twenty years at hard labor is within the statutory limits.
The imposition of an excessive sentence is prohibited by both the state and federal constitutions. Art. 1, § 20 of 1974 La. Const., and U.S. Const. Amendment 8. The imposition of a sentence, although within the statutory limits, may violate a defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime, or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the punishment is considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Reed, 409 So.2d 266 (La.1982).
The trial judge’s reasons, in imposing a sentence as required by La.C.Cr.P. art. 894.1, are an important aid to this court when it is called upon to review a sentence complained of as excessive. State v. Cann, 471 So.2d 701 (La.1985). The trial judge is given wide discretion in the imposition of sentence within statutory limits and the sentence imposed by the trial judge should not be set aside as excessive in the absence of a manifest abuse of this discretion. State v. Cann, supra.
As previously stated, defendant has a history of criminal activity which has resulted in convictions for armed robbery and possession of a stolen vehicle. It is proper for the court to consider defendant’s other criminal activities, which did not lead to a *334 conviction or lead to conviction on a lesser charge. State v. Lemelle, 502 So.2d 130 (La.App. 3 Cir.1987).
A review of defendant’s criminal record shows he has committed violent crimes and is a true recidivist. The twenty year sentence is at the lower range for a second felony offender convicted of distribution of cocaine. Considering defendant’s criminal background, it is not an excessive sentence.
Therefore, this assignment of error lacks merit and is rejected.
ASSIGNMENT OP ERROR NUMBER 2
In this assignment of error, defendant contends the State improperly excused several black veniremen without giving a sufficient racially neutral explanation as required by Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Defendant argued that there were seven black veniremen, four of whom were peremptorily excused by the State and three of whom were accepted by the State. The record does not establish if defendant peremptorily excused any black veniremen. In his brief, defendant stated that there were three black jurors on the jury of twelve, which voted 10-2 to convict defendant. In his appellate brief, defendant discusses only three specific veniremen who were peremptorily excused by the State: Mr. Jeranon Harbor, Mrs. Mari Bacon and Mrs. Viverly Long.
As this court noted in State v. Guillory, 544 So.2d 643, at page 650 (La.App. 3 Cir.1989), writ den., 551 So.2d 1334 (La.1989):
“A criminal defendant may make a prima facie case of purposeful discrimination in selection of a petit jury based upon the circumstances of the defendant’s case. To establish such a case, the defendant must show: 1) that he is a member of a cognizable racial group, and 2) that the prosecutor exercised peremptory challenges to remove members of defendant’s race from the venire. The defendant must then show that the facts and circumstances at voir dire raise an inference that the prosecutor used his peremptory challenges with a discriminatory mind to exclude veniremen from the jury on account of their race_ If the defendant makes such a showing, the burden shifts to the State to put forth a racially neutral explanation for challenging those jurors. The explanation offered by the prosecutor need not rise to the level justifying exercise of a challenge for cause.” (Citations omitted.)
The defendant must first establish a prima facie case of purposeful discrimination in the State’s exercise of its peremptory jury selection. State v. Collier, 553 So.2d 815 (La.1989). The pattern of strikes by the State and the selection of three black jurors do not appear to meet the first criteria of a Batson objection. Burt, cf; State v. Collier, supra. Therefore, it is questionable whether defendant has met the first requirement of Batson.
The record shows that the trial judge heard the Batson objections at bench conferences and a review of the transcript of voir dire supports the trial judge’s ruling that the three prospective jurors were peremptorily excused for racially neutral reasons.
Mr. Jeranon Harbor was twenty years old, somewhat immature, and did not understand the nature of the criminal proceedings against defendant. The trial judge stated he had a prior conviction for drag racing, but there is no testimony in the record to substantiate this. However, Mr. Harbor’s uncertain responses to some of the State’s questions give support to a racially neutral explanation for the peremptory challenge.
The trial judge did not restate the racially neutral explanation given for the peremptory challenge of Mrs. Mari Bacon, but a review of the record of voir dire establishes that she was indirectly related to the defendant and his family. Defendant’s father was her godfather; she had known defendant for eighteen years; and she regularly saw defendant’s family in the community. Although Mrs. Bacon ultimately stated this would not affect her ability to serve as a juror, she initially told the trial judge that this could be a problem.
*335 Mrs. Viverly Long also knew the family of defendant and lived in the same small community. Mrs. Long sold Avon products to defendant’s sister who would occasionally help her. The trial judge ruled that Mrs. Long’s relationship with defendant’s family, although not a close personal one, was a sufficient racially neutral reason for the State to peremptorily excuse her. The same could be said of Mrs. Bacon.
The racially neutral explanations given by the State do not have to meet the higher criteria for a challenge for cause. It need only be clear, reasonably specific, legitimate, and related to the particular case at bar. State v. Collier, supra at page 820. It has been held that, if a juror has a personal relationship with the defendant or defendant’s family or the victim or victim’s family, it would be unrealistic to believe the juror could be impartial and, therefore, the prospective juror should be excused for cause. State v. Brown, 496 So.2d 261 (La.1986). In the present case, the State questioned whether Mrs. Bacon and Mrs. Long would be uncomfortable facing defendant’s family if they voted to convict defendant. Although both said no, this would be a sufficiently racially neutral reason to peremptorily excuse these jurors. Cf. State v. Brown, supra.
Therefore, the record does not establish that the State improperly exercised its peremptory excuses as prohibited by Batson v. Kentucky, supra and State v. Collier, supra.
This assignment of error lacks merit and is rejected.
ASSIGNMENT OF ERROR NUMBER 3
This assignment was not briefed in defendant’s original or supplemental brief and is considered abandoned. Uniform Rules-Courts of Appeal, Rule 2-12.4.
ERRORS PATENT
La.R.S. 15:529.1, in pertinent part, states:
“D. (1) If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state, or of the United States, or of any foreign government or country, of a crime, which, if committed in this state would be felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information.
(2) Following a contradictory hearing, the court shall find that the defendant is:
(a) A second offender upon proof of a prior felony conviction.”
After a careful reading of the record, we cannot find where the defendant was advised of his rights and pled guilty to a conviction of a prior felony nor where proper evidence was admitted to prove that defendant had a prior felony conviction.
Therefore, defendant’s conviction is affirmed but his sentence as a second felony offender must be considered illegal and vacated, and this matter remanded for a sentencing hearing in compliance with La. R.S. 15:529.1 D(l) and (2).
CONVICTION AFFIRMED; SENTENCE VACATED AND SET ASIDE AND CASE REMANDED FOR SENTENCING HEARING IN ACCORDANCE WITH THE ABOVE.