**COURT OF APPEAL, THIRD CIRCUIT**
**(NOT FOR PUBLICATION)**

**09-42**

**STATE OF LOUISIANA**

**VERSUS**

**MICHAEL EDWARDS**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO: C12271-1
HONORABLE ERIC R. HARRINGTON, PRESIDING
\*\*\*\*\*\*\*\*\*\*

**SYLVIA R. COOKS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and James David Painter, Judges.

**AFFIRMED.**

Eugene P. Cicardo, Jr.
P.O. Box 1128
Alexandria, La 71309-1128
COUNSEL FOR DEFENDANT/APPELLANT
(318) 445-2097

R. Stuart Wright, Assistant District Attorney
P.O. Box 838
Natchitoches. LA 71458-0838
COUNSEL FOR STATE OF LOUISIANA/APPELLEE
(318) 357-2214

**COOKS, Judge.**

## FACTS

Michael Edwards operated a business enterprise doing business as Michael Edwards Logging LLC ( Edwards Logging) for many years. Over the years Edwards Logging had a long standing contractual arrangement with Cenla Timber LLC (Cenla) under which agreement Edwards Logging would cut and deliver raw timber directly to a lumber mill in Chopin, Louisiana doing business as Martco LLC. Various log haulers delivered raw timber to Martco under their contract with Cenla. These haulers, like Edwards Logging, operated through Cenla, a timber broker, rather than directly with Martco because Cenla would pay haulers a week earlier than if they dealt with Martco. Under this arrangement Edwards would receive $360.00 per 1,000 board foot of lumber and Cenla would receive $10.00 per 1,000 board foot. In 2003 Cenla received a total of $1,600,000.00 from Martco.

On November 13, 2003, Wyndall Swain, a driver for Edwards Logging, delivered a load of logs to Martco for Cenla, which load was scaled by Stacey Cedars and ticketed as containing 3,043 board foot. The general practice at Martco was that trucks were scaled by rotating assignment to one of three scalers. On the same day, sometime after this load was scaled by Cedars, another scaler, Mr. James Brunson (Brunson), admits he changed the ticket to reflect 5,780 board foot. According to Brunson this change resulted in a gain of approximately $1,000.00 for the load. Mr. Charles Earl (Earl), an investigator for the Department of Agriculture, determined that this increased amount was a theft from Martco. Mr. Steve Breaux (Breaux), an employee of Martco, testified this resulted in an overpayment to Cenla of $800.00 for the load.

Brunson was the log yard supervisor for Martco. Brunson was also

1

charged with theft but testified as a witness for the State in this matter. He admitted in court he had an understanding with Michael Edwards (defendant) that if he took care of defendant on the scales, defendant would pay him in return. Brunson admits he scaled almost every load delivered by Edwards Logging during the period between September 24, 2003 to November 21, 2003, and with the exception of one load, he helped Edwards Logging by purposely scaling fewer "deducts" or rejected logs on Edwards Logging loads during that period. He admits he was paid for his efforts. He further admits this resulted in more money paid to Edwards Logging than it was entitled to receive. Brunson had no idea of how much money inured to Edwards Logging's benefit because of his actions. He did not believe the sum was anywhere near what Breaux asserted in his testimony but could only guess at what he thought the amount might total.

Breaux testified he calculated an average number of board foot per average load and came up with an estimate of what he believed Martco had overpaid Cenla for Edwards Logging's deliveries to the Chopin Mill. Cenla agreed with Breaux's calculations and agreed to reimburse Martco the estimated $40,000.00 of overpayments based on Breaux's estimates. The reimbursement to Martco was achieved by Martco withholding other pending payments due Cenla until such withheld amounts equaled $40,000.00.

After the jury found defendant guilty of theft of over $500.00, the court ordered a pre-sentence investigation. The court also addressed defendant's Motion For Post-Verdict Judgment of Acquittal and Motion For New Trial. Both motions were denied . The court then proceeded with a sentencing hearing and sentenced defendant to three (3) years at hard labor, suspended, placing defendant on five (5) years supervised probation. The court further sentenced defendant to pay the sum

2

of $39,967.00 in restitution to Roy O. Martin Lumber Company in sixty equal installments, subject to a credit for any payments made by any other defendant in the case. Defendant was further sentenced to pay a $1,000.00 fine and court costs in sixty equal installments, in default of which defendant will serve six months in jail. The court imposed as a condition of defendant's probation that he pay all of the money which he has been ordered to pay. The court advised he could apply to terminate probation as soon as all restitution has been paid. Defendant appeals his conviction alleging the evidence is insufficient to prove his guilt of theft from Roy. O. Martin Lumber Company and alleging the amount of restitution ordered is illegal and unwarranted.

### ANALYSIS

In accordance with the provisions of La.Code Crim.P. Art. 920, all criminal appeals are reviewed for errors patent. Although we find there are no errors patent, we note that the trial court did not delay sentencing for twenty-four hours after denying defendant's Motion for Post Verdict Judgment of Acquittal and Motion for New Trial. The record reveals defendant's attorney did not object to the trial judge proceeding to sentencing after his dismissal of the motions. Additionally, defendant filed a Motion for Continuance of Sentencing Hearing reciting "defendant does hereby waive any and all sentencing delays"and in the Order prepared by defendant's attorney stated "all sentencing delays are waived." Given the defendant's express waiver of sentencing delays and failure to object, it was not error for the judge to proceed after disposing of the motions without delay.

We find no merit in defendant's contention that the State failed to prove he is guilty of theft from Roy O. Martin Lumber Company, Inc. as charged in the bill of information. Defendant asserts the State at best proved a theft from Martco, not

3

from Roy O. Martin Lumber Company, Inc. because the State failed to establish the relationship between the two entities.   As this court has frequently held:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979); *State ex rel. Graffagnio v. King*, 436 So.2d 559 (La. 1983).

*State v. Harry Coward*, 07-0421 (La, 3Cir. 10/3/07), 967 SO. 2d 580, 583.

Viewing the evidence in the light most favorable to the prosecution, we find the state sufficiently established that defendant, once personally, and on several occasions through his employee (agent), Mr. Swain, committed theft of over $500.00 in value from the Chopin Mill operated by Martco, which is owned by Roy O. Martin Lumber Company, Inc.   The thefts were accomplished by defendant himself, and through his agent, Mr. Swain, paying Mr. Brunson, an employee of Martin Lumber at the Chopin Mill, to scale defendant's deliveries of logs so as to result in defendant being paid for more lumber than he actually delivered.   Theft is defined in La.R.S. 14:67 as:

> [the] misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.

The criminal statutes further provide at La.R.S. 14:24:

> All persons concerned in the commission of a crime whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.

All principals to an offense are parties to the crime.   La. R.S. 14:23.

Defendant's arguments on appeal focus upon whether the State proved the stolen funds belonged to another, asserting the state failed to prove the identity of the owner of the funds taken because the state charged defendant with theft from Martin Lumber Company but continually referred to the owner of the funds at trial as Martco. Our state supreme court has held "proof of the ownership of stolen property is not an essential element of proof of the crime; the state is required only to prove that the property belonged to someone other than the defendant." *State v. Rossi*, 273 So.2d 265, 268 (La.1973). The State proved that the funds taken in the form of overpayments for lumber not actually received by Martco at the Chopin Mill on various Edwards Logging deliveries were funds belonging to someone other than defendant. The State met its burden of proof. Defendant is guilty of theft of the funds of another in excess of $500.00.

Defendant assigns as error that the trial court improperly calculated the amount of restitution awarded or alternatively that the restitution is unwarranted. Under La.Code Crim.P. Art. 883.2(A), the trial court is required to order defendant to provide restitution to the victim of his crime as part of his sentence when the court finds the victim has suffered an actual pecuniary loss. Additionally, under La.Code. Crim.P. Art. 895 (A)(7), the trial court is allowed, as a condition of probation, to "[m]ake reasonable reparation or restitution to the aggrieved party for damage or loss caused by [the defendant's] offense." And, under La.Code Crim.P. art. 895.1(A)(1) the trial court is required to order payment of restitution as a condition of probation "in cases where the victim or his family has suffered any direct loss of actual cash, any monetary loss pursuant to damage to or loss of property, or medical expense." In such instances, the restitution sum must be reasonable and not exceed the actual pecuniary loss to the victim. *Id.* *State v. Broussard*, 89-306 (La.App. 3 Cir.

5

10/04/89), 549 So.2d 935, 937. It is not necessary that the trial court be able to determine an exact amount. In *Broussard*, the trial judge was unable to determine the amount of pecuniary loss but was able only to conclude that the loss was between $3,899.00 and $93,000.00. We stated in *Broussard* that the trial judge does not have to determine the exact amount of the loss but he must not award an amount that exceeds the actual pecuniary loss of the victim. Thus, in *Broussard*, we upheld the judge's decision that he could not order a suspended sentence since he could not determine an amount of restitution which would not exceed the actual pecuniary loss of the victim. In other cases we have held, in accordance with our state supreme court's rulings, that restitution may be ordered only to "compensate the victim not the victim's insurance company." *State v. Smith*, 08-1030 (La.App. 3 Cir. 3/04/09), 6 So.3d 309, 315 citing *State v. Perez*, 07-229 (La.App. 3 Cir. 10/3/07). 966 So.2d 813. These cases are not applicable here.

In this case the trial court ordered defendant to pay $39,967.00 in restitution to Roy Martin Company. This figure was arrived at after the court received testimony, both at trial and in the sentencing hearing which established to the court's satisfaction that at least $39,967.00 was stolen by defendant with the assistance of Mr. Brunson. The witness for the State explained the method by which he arrived at the figure. Defendant voiced no objection to the witness' ability to make the calculations. Defendant offered nothing to contradict the State's evidence. We cannot say the trial court was manifestly erroneous in accepting the State's evidence and the witness' calculation of the amount of money overpaid to Edwards Logging through Cenla. Cenla agreed with the calculations made by Martco and the method of calculating the loss. Had the trial court been unable to make this determination the court could not have suspended defendant's sentence as it chose to do. Awarding the

6

victim restitution is clearly warranted in this case. The amount of restitution awarded by the court was reasonable.  Based on the uncontradicted evidence there is no support for defendant's allegation that the amount exceeds the actual amount of the funds stolen.

**AFFIRMED.**