STATE OF LOUISIANA * NO. 2023-KA-0524

VERSUS * COURT OF APPEAL

GARRETT J. WARD * FOURTH CIRCUIT

* STATE OF LOUISIANA

*

*
* * * * * * *

DLD **DYSART J., DISSENTS WITH REASONS**

I respectfully dissent from the majority's opinion to affirm the sentence imposed upon the defendant, Garrett Ward. The sentence that was imposed is disproportionate and inordinate with the circumstances of the crime as well as other sentencing factors. I believe the trial court abused its discretion in imposing a 30 year sentence.

Excessive sentences are prohibited under the Eighth Amendment of the United States Constitution and Louisiana Constitution Article I, § 20. A sentence may be constitutionally excessive even if the sentence falls within the range permitted by statute. *See State v. Sepulvado*, 367 So.2d 762, 769 (La. 1979). For a sentence to be found excessive, it must be "so grossly disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice." *State v. Cann*, 471 So.2d 701, 703 (La. 1985).

When reviewing a claim that a sentence is excessive, this Court must determine whether the trial court adequately complied with the statutory guidelines in La. C.Cr.P. art. 894.1 and whether the facts of the case warrant the sentence imposed. *State v. Rouser*, 2014-0613, p. 18 (La. App. 4 Cir. 1/7/15), 158 So.3d 860, 872 (citations omitted). "If adequate compliance with La. C.Cr.P. art 894.1 is found, the review court must determine whether the sentence imposed is too severe

in light of the particular defendant and the circumstances of this case….” *Id.*, 2014-0613, p. 18, 158 So.3d at 872-73.

On January 5, 2018, Mr. Ward attended a belated holiday dinner with his girlfriend and her work colleagues. After a dinner which lasted four hours, the party relocated to a bar on St. Charles Avenue. At approximately 1:00 a.m., Mr. Ward argued with his girlfriend, left the bar, and passed out at the base of a tree. He woke up to find the victim, Arnold Jackson, “going through [his] pockets” and felt something sharp poke his hand. Mr. Ward responded by striking Mr. Jackson.

The investigating officer, Sgt. Williams testified he was assigned the case on January 22, 2018, but was unable to secure any surveillance video of the incident. He decided to charge Mr. Ward with murder because he determined that Mr. Jackson was “walking down the street minding his business” when Mr. Ward removed his jacket and beat Mr. Jackson “[f]or no reason.” Sgt.Willians further stated that “if it was a robbery, the people that was with the defendant would have come up and told us that[.]” Sgt. Williams testified that when Mr. Jackson was admitted to UMC he had two razor blades and a pocketknife on his person. He also testified that Mr. Jackson had a lengthy rap sheet, including 27 arrests and six felony convictions for crimes such as simple burglary, theft, aggravated battery, purse snatching and attempted simple burglary.

At the time of this incident, Mr. Ward was 25 years old without any history of criminal record.

The trial court ordered a presentence investigation report through the Office of Probation and Parole, which “recommended that Mr. Ward receive a sentence in the range of 10 to 20 years in the Department of Corrections.” The report noted that Mr. Ward was previously diagnosed with Attention Deficit Disorder and depression and participated in bi-monthly therapy sessions with Dr. Alan Taylor in Baton Rouge.

Considering that the defendant had no previous criminal record and was awakened by someone going through his pockets while he was passed out in an intoxicated state, a thirty-year sentence appears constitutionally excessive.